# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| MOBILE HEALTHCARE FACILITIES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AVANTE HEALTH SOLUTIONS ) <br> ) <br> Defendant. ) | Case No. 1:21-cv-04038-AT |

## DEFENDANT AVANTE HEALTH SOLUTIONS' VERIFIED ANSWER AND AFFIRMATIVE DEFENSES TO VERIFIED COMPLAINT

Defendant Avante Health Solutions ("Avante"), by and through its undersigned counsel, answers Plaintiff Mobile Healthcare Facilities' ("MHF") Verified Complaint as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Avante is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies the same.

2.

Avante denies that it is a corporation existing and duly organized under the laws of the State of Kentucky. Avante is a company existing and duly organized

under the laws of the state of Delaware and that is registered to do business in the State of Kentucky. Avante admits that it is not registered to do business in the State of Georgia.

3.

To the extent Paragraph 3 sets forth a legal conclusion, no response is required. To the extent a response is required, Avante denies the averments set forth in Paragraph 3.

4.

Avante admits that it may be served at the address of its Registered Agent, CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601. Avante denies all remaining allegations set forth in Paragraph 4.

5.

To the extent Paragraph 5 sets forth a legal conclusion, no response is required. To the extent a response is required, Avante denies the averments set forth in Paragraph 5.

6.

To the extent Paragraph 6 sets forth a legal conclusion, no response is required. To the extent a response is required, Avante denies the averments set forth in Paragraph 6.

## BACKGROUND FACTS

7.

Upon information and belief, Avante admits that MHF was awarded a purchase order from the State of Texas to provide medical equipment for use in combating the COVID-19 pandemic. Avante is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 7 and, therefore, denies the same.

8.

Avante admits that it is a premier supplier of both new and used critical care medical equipment, some of which is suitable for use in the ICU. Avante has had customers in Georgia. Avante is without knowledge or information sufficient to form a belief as to the truth of the averments regarding Plaintiff and Mr. Affeldt's location and residence and, therefore, denies the same. Avante denies all remaining allegations set forth in Paragraph 8.

9.

Avante admits that on approximately on August 25, 2020, Avante sales representatives communicated with Mr. Affeldt about providing goods to MHF and following this phone conversation, Avante sent MHF a quote. Avante denies all remaining allegations set forth in Paragraph 9.

10.

Avante admits that on approximately September 8, 2020, MHF provided Avante with documentation concerning its current contract for medical equipment. Avante also admits that MHF requested a quote for various other medical equipment, including thirty-six ventilators, and thirty-six patient beds. Avante denies all remaining allegations set forth in Paragraph 10.

11.

Avante admits that on approximately September 8, 2020, MHF requested information regarding ventilators and patient beds.

12.

Avante admits that on approximately September 11, 2020, Avante provided MHF with a quote for medical equipment which included thirty-six model "PB840" ventilators and thirty-six model "Avante Premio E250 Electric Hospital Bed[s]."

13.

Avante denies all allegations set forth in Paragraph 13.

14.

Avante admits that following receipt of the quote from Avante, Mr. Affeldt communicated with Avante. Avante denies all remaining allegations set forth in Paragraph 14.

15.

Avante denies all allegations set forth in paragraph 15.

16.

Avante admits that on approximately September 13, 2020, Avante communicated with MHF to discuss whether MHF wanted to instead purchase the "Vivo 65" ventilators. Avante denies all remaining allegations set forth in Paragraph 16.

17.

Admits that Avante and MHF discussed the Vivo 65 ventilators. Avante denies all remaining allegations set forth in Paragraph 17.

18.

Avante admits that it and MHF discussed the Vivo 65 ventilators and that they were less expensive than the PB840 ventilators. Avante denies all remaining allegations set forth in Paragraph 18.

19.

Avante admits that on approximately September 24, 2020, MHF executed a purchase order for, among other products, 36 Vivo 65 ventilators, for a total purchase price of $682,000.00. Avante admits that the Vivo 65 ventilators, which MHF selected and wanted to purchase, cost $360,000 and that on or about September 24,

2020, MHF issued a check to Avante in the amount of $682,000. Avante denies all remaining allegations set forth in Paragraph 19.

20.

Avante admits that in November 2020, Avante delivered to MHF precisely the 36 Vivo 65 ventilators as MHF had ordered. Avante denies the remainder of the allegations set forth in Paragraph 20.

21.

Avante is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies the same.

22.

Avante denies all allegations set forth in Paragraph 22.

23.

Avante denies all allegations set forth in Paragraph 23.

24.

Avante admits that on or about December 7, 2020, they delivered 36 patient beds to MHF. Avante denies all remaining allegations set forth in Paragraph 24.

25.

Avante denies all allegations set forth in Paragraph 25.

## **COUNT ONE: BREACH OF SALES CONTRACT**

26.

Avante hereby repeats and incorporates herein by this reference each and every response to the allegations contained above.

27.

To the extent Paragraph 27 sets forth a legal conclusion, no response is required. To the extent a response is required Avante denies the allegations set forth in Paragraph 27.

28.

Avante denies the allegations set forth in Paragraph 28.

29.

Avante denies the allegations set forth in Paragraph 29.

30.

Avante admits that MHF, in consideration of the goods it ordered, agreed to pay Avante $682,000.00.

31.

To the extent Paragraph 31 sets forth a legal conclusion, no response is required. To the extent a response is required Avante denies the allegations set forth in Paragraph 31.

32.

Avante denies the allegations set forth in Paragraph 32.

33.

Avante denies the allegations set forth in Paragraph 33.

34.

Avante denies the allegations set forth in Paragraph 34.

35.

Avante denies the allegations set forth in Paragraph 35.

36.

Avante denies the allegations set forth in Paragraph 36.

37.

Avante denies the allegations set forth in Paragraph 37.

38.

Avante denies the allegations set forth in Paragraph 38.

39.

Avante denies the allegations set forth in Paragraph 39.

40.

Avante denies the allegations set forth in Paragraph 40.

## COUNT TWO: FRAUD

41.

Avante hereby repeats and incorporates herein by this reference each and every response to the allegations contained above.

42.

Avante denies the allegations set forth in Paragraph 42.

43.

Avante denies the allegations set forth in Paragraph 43.

44.

Avante denies the allegations set forth in Paragraph 44.

45.

Avante denies the allegations set forth in Paragraph 45.

46.

Avante denies the allegations set forth in Paragraph 46.

47.

Avante denies the allegations set forth in Paragraph 47.

## COUNT THREE: ATTORNEY'S FEES UNDER O.C.G.A. 4 13-6-11

48.

Avante hereby repeats and incorporates herein by this reference each and every response to the allegations contained above.

49.

To the extent Paragraph 49 sets forth a legal conclusion, no response is required. To the extent a response is required, Avante denies the averments set forth in Paragraph 49.

50.

To the extent Paragraph 50 sets forth a legal conclusion, no response is required. To the extent a response is required, Avante denies the averments set forth in Paragraph 50.

51.

To the extent Paragraph 51 sets forth a legal conclusion, no response is required. To the extent a response is required, Avante denies the averments set forth in Paragraph 51.

## GENERAL DENIAL

In response to the *ad damnum* or paragraphs of the Complaint immediately following the "WHEREFORE," Avante denies each and every allegation therein pertaining to Avante and further denies that it is liable to MHF for the relief sought.

## AFFIRMATIVE DEFENSES

In further response to MHF's Verified Complaint, Avante hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them:

## FIRST DEFENSE

MHF's Complaint fails to state a claim against Avante upon which relief can be granted.

## SECOND DEFENSE

MHF's claims are barred by the statute of frauds. The only agreement formed between MHF and Avante was a written purchase order. Avante provided MHF with the products it chose to purchase, all as specified in the written purchase order. MHF's lawsuit improperly seeks to re-write or modify the parties' written contract through assertions of oral representations, "beliefs", or "understandings" which are extraneous and contrary to the parties' written contract.

## THIRD DEFENSE

MHF's claims are barred by the parol evidence rule. The only agreement formed between MHF and Avante was a written purchase order. Avante provided MHF with the products it chose to purchase, all as specified in the written purchase order. MHF's lawsuit improperly seeks to re-write or modify the parties' written contract through assertions of oral representations, "beliefs", or "understandings" which are extraneous and contrary to the parties' written contract.

## FOURTH DEFENSE

MHF's claims are barred by the doctrine of unclean hands.

## FIFTH DEFENSE

MHF has failed to mitigate its claimed damages.

## SIXTH DEFENSE

MHF's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, ratification, accord and satisfaction and/or mutual departure from contractual terms.

## SEVENTH DEFENSE

All or part of the Complaint must be dismissed for MHF's prior failure to perform and lack of consideration paid by MHF.

## EIGHTH DEFENSE

Avante pleads all defenses available under the terms of any applicable contracts between the parties.

## NINTH DEFENSE

MHF's claims are barred, in whole or in part, because any award to MHF would constitute unjust enrichment.

## TENTH DEFENSE

MHF's claims are barred, in whole or in part, by the doctrine of acquiescence.

## ELEVENTH DEFENSE

MHF's claims are barred, in whole or in part, because the conduct challenged by MHF was justified under the circumstances.

## TWELFTH DEFENSE

MHF's claims are barred, in whole or in part, because any breach of contract alleged by MHF was the result of the COVID-19 Pandemic and constitutes a force majeure and/or other equitable defense to all such allegations. More specifically, whether and to what extent MHF had emergency permission or authority from the State of Texas to use certain medical equipment in it mobile facilities was unknown to Avante. And whether any such permission ever changed as the pandemic continued was also unknown to Avante. Instead, Avante offered MHF a variety of products, useful in a variety of settings. MHF made its own decision as to which products it would purchase—given MHF's needs and contractual obligations with the state of Texas. Then Avante provided MHF with precisely what it had ordered.

## THIRTEENTH DEFENSE

MHF's claims are barred, in whole or in part, because Georgia law is inapplicable to the parties' contract. Avante is a Delaware company with its principal place of business in Kentucky. All goods purchased by Avante were

shipped to and used in Texas. Therefore, the contract is governed by Kentucky or Texas law, not Georgia law.

### FOURTEENTH DEFENSE

MHF's claims are barred by its failure to timely reject the purchased goods and, according, acceptance of the same.

### FIFTEENTH DEFENSE

Avante reserves the right to raise any additional affirmative defense that should arise as discovery has not yet begun in this matter.

Dated this 6th day of October, 2021

Respectfully submitted,

/s/ *Sarah Hannah Phillips*
Sarah Hannah Phillips
Georgia Bar No. 302869

DENTONS US LLP
303 Peachtree St., NE, Suite 5300
Atlanta, Georgia 30308
Telephone: 404-527-4000
E-mail: sarahhannah.phillips@dentons.com

Jason R. Scheiderer
(*pro hac vice forthcoming*)

DENTONS US LLP
4250 Main St., Suite 1100
Kansas City, Missouri 64111
Telephone: 816-460-2400
E-mail: Jason.scheiderer@dentons.com

*Counsel for Defendant Avante Health Solutions*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| MOBILE HEALTHCARE FACILITIES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AVANTE HEALTH SOLUTIONS ) <br> ) <br> Defendant. ) | Case No. 1:21-cv-04038-AT |

### VERIFICATION OF ANSWER

Before the undersigned officer duly authorized to administer oaths personally appeared Gregory Wyraz, who, after being duly sworn, deposes and states under penalty of perjury that the foregoing **DEFENDANT AVANTE HEALTH SOLUTIONS' VERIFIED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT** is true and correct based his personal knowledge and belief.

_____
GREGORY WYRAZ

SUBSCRIBED AND SWORN TO
before me this 6th day of October 2021.

_____
Notary Public

My commission expires: 11-17-2023



US_Active\119545812\V-1

## **CERTIFICATE OF SERVICE**

I certify that I have electronically filed, on October 6, 2021, the foregoing *Defendant Avante Health Solutions' Verified Answer and Affirmative Defenses to Verified Complaint* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to counsel of record as follows:

Brian S. Goldberg
Travis M. Cashbaugh
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339
E-mail: bgoldberg@fmglaw.com
tcashbaugh@fmglaw.com

Alan C. Manheim
25 Alexander Street, Suite 3
Marietta, Georgia 30060
E-mail: alan@acmlaw.net

*/s/ Sarah Hannah Phillips*
*Attorney for Defendant*

## **CERTIFICATE OF COMPLIANCE**

The undersigned attorney herby certifies that the foregoing DEFENDANT AVANTE HEALTH SOLUTIONS' VERIFIED ANSWER AND AFFIRMATIVE DEFENSES TO VERIFIED COMPLAINT was prepared in accordance with N.D. Ga. L.R. 5.1, using Times New Roman, font, 14 point.

*/s/Sarah Hannah Phillips*
Sarah Hannah Phillips