**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MOBILE HEALTHCARE FACILITIES, LLC,<br><br>Plaintiff,<br>vs.<br><br>AVANTE HEALTH SOLUTIONS,<br><br>Defendant, | Civil Action File<br>No.: 1:21-cv-4038-SEG |

**DEFENDANT AVANTE HEALTH SOLUTIONS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

***Breach of Contract***

As to Plaintiff's breach of contract claim, first**,** the undisputed facts show that Plaintiff received exactly what it contracted for.

Second, although Plaintiff's response is riddled with the phrases "intended use" and "nonconforming," the intended use by the purchaser (i.e. Plaintiff) does not support any claim (even a claim for breach of implied warranty, which Plaintiff has not pled), only the intended use for which the ventilator is commonly intended.

Third, although Plaintiff argues that it did not use the beds for "patient medical care," the law does not require that the products be used in a certain way to establish re-acceptance, only that the "acts [be] inconsistent with the seller's

ownership of the goods"—i.e., displaying the beds to show the State of Texas "what [a] fully completed mobile intensive care unit would look like" and displaying them on a website to promote the goods and services of Plaintiff.

Finally, Plaintiff did nothing to mitigate its alleged damages and Plaintiff has waived any challenge to Avante's motion for summary judgment on this ground.

***Tort Claims***

As to its tort claims, first, none of these claims can lie in tort because they are based on an alleged breach of contract.

Second, the evidence of record shows that Avante made no misstatements of fact. Ms. Hampton state the Vivo 65 was a better quality product—an opinion. Plaintiff does not argue that Ms. Hamptons statement that the Vivo 65 ventilators were new and did not require an air compressor were false.

Third, Plaintiff cannot show any reasonable reliance on these alleged statements because it had ample opportunity to conduct due diligence and failed to do so. There exists no requirement that a non-expert, or lay person, need not conduct due diligence.

Thus, Defendant is entitled to summary judgment as to all claims.

## III. ANALYSIS AND CITATION OF AUTHORITIES

### A. Plaintiff's Claim for Breach of Sales Contract Fails.

First, Plaintiff now argues that even though it received the exact ventilators that it contracted for, that this Court should insert into the contract the uncontracted for promise that the ventilators are "fit for use in an ICU setting." Dkt. 50, pp. 3-8. Such a re-writing of a contract does not stand under Georgia law. The contract, i.e. the Purchase Order expressly states the exact ventilators ordered by Plaintiff.

| SKU | DESCRIPTION |
|---|---|
| 40VIVO65N | BREAS VIVO 65 RESPIRATORY VENTILATOR |

| QTY | UOM | PRICE EACH | AMOUNT |
|---|---|---|---|
| 36.0000 | EA | 10,000.0000 | 360,000.000 |

No where does it promise "ventilators for use in an ICU."

Plaintiff, continuing to throw around the word "non-conforming" mixes up a breach of contract claim with a breach of implied warranty of fitness. Whatever the intended use *by plaintiff* is of no consequence to either a breach of contract claim or a breach of an implied warranty of fitness. Even if Plaintiff had raised a breach of implied warranty of fitness claim, as was said by Judge Sutton, in *Love v. Nixon*, 82 Ga. App. 445, 453(2) (1950) "after reviewing a number of cases, it is clear that the warranty implied by law that the article or articles sold are

'reasonably suited to the use intended' **refers not to any particular intended use by the purchaser, even if such intended use is made known to the seller, but to any use for which the article or articles sold are commonly intended**. As was stated in the *Kreutz* case [*Kreutz v. McCray Refrig. Sales Corp*., 54 Ga. App. 679], 'use intended' as it appears in the statement in the Code is not equivalent in import to 'use intended by the buyer.'" (emphasis added).

Plaintiff cannot not say that the ventilators delivered were non-conforming to *the ventilators* intended use. Instead, Plaintiff is attempting to argue that the ventilators were non-confirming to Plaintiff's intended use. Georgia law does not allow for such a recovery. Plaintiff ordered the ventilators, had the opportunity to do its due diligence before ordering, and failed to do so.

Second, as to its acceptance of the beds by using them and displaying them on their website in an effort to promote their services, and derive money from such, Plaintiff expects this court to be the first court to find that displaying the beds to a client to show them "what a fully completed mobile intensive care unit would look like" is not *use* of the product, but is merely "display" of the product. Dkt. 50, p. 16. But, reacceptance of goods is established by performing acts "inconsistent with the seller's ownership of the goods," and has no requirements that the "use" be "for patient medical care" as proposed by Plaintiff. *See Griffith v.*

*Stovall Tire & Marine, Inc.*, 174 Ga. App. 137, 5:02-CV-2004, (1985); Dkt. 50, p 17.

Plaintiff admits it displayed the beds to show the State of Texas "what [a] fully completed mobile intensive care unit would look like. Dkt. 50, p 16. Plaintiff expressly stated that "we used those [beds]," Affeldt Dep. 211:25-212:2; 219:25-220:1-4), whether for display or patient care does not matter under Georgia law.

Plaintiff relies on *Wilson v. MarineMax E., Inc.* 303 F. Supp. 3d 1343, 1357 (N.D. Ga. 2018) for the proposition that temporarily displaying the beds in an effort to promote one's business is not the same as "use." There, the plaintiff did not expressly admit to use of the boat. In *Wilson*, there existed a question of material fact because the boat's "hours meter" would click even if the boat was not running. That is completely distinct from the case at hand.

Put simply, Plaintiff ordered the ventilators, and received them. While there may be a dispute as to which beds were agreed upon, Plaintiff (1) unwrapped the beds received, (2) took photographs of the beds, (3) placed them on their website[1],

---

[1] Notably, since the filing of its Response to Avante's Motion for Summary Judgment, Plaintiff has removed the photographs from its website. *Compare*

*{footnote continued}*

and (4) and uses them to promote their products. Whether or not a patient actually lie in the bed is not a requirement to establish reacceptance, only acts "inconsistent with the seller's ownership of the goods" as is the case here. *See Griffith*, 174 Ga. App. 137 (1985); *Gill v. Blue Bird Wanderlodge*, No. 2004 WL 5311476, at *4, 2004 U.S. Dist. LEXIS 27437, at *16 (M.D. Ga Feb. 24, 2004); *Ardus Medical, Inc. v. Emanuel Cnty. Hosp. Authority*, 558 F. Supp. 2d 1301 (S.D. Ga. May 7, 2008).

Finally, Plaintiff offers nothing by way of how it attempted to mitigate any of its alleged damages as to both the ventilators or the patient beds. As such, Plaintiff has waived any challenge to Avante's motion for summary judgment on this ground. *See Schwarz v. Bd. of Supervisors*, 672 Fed. Appx. 981 (11th Cir. 2017) (finding that Plaintiffs had waived any challenge to the Districts' motion for summary judgment on this ground by failing to address this claim in Plaintiffs' response to the Districts' motion for summary judgment.)

---

*{continued from previous page}*
Affeldt Dep., Ex. 80 to https://mhcfac.com/previous-projects/tdem-covid-19-mobile-icu-emergency-room-facilities/

**B. Plaintiff's Fraud Claim Fails**

First, there simply exists no question of fact as to whether Avante made any false statements. Ms. Hampton's statement that the Vivo 65 ventilators were a "better quality product." First, such a statement is one of opinion and subjective opinions do not support a claim for fraud. The underlying facts stated: that the Vivo 65 was new and does not require an air compressor is not alleged as untrue.

Plaintiff attempts to distinguish *ReMax N. Atlanta v. Clark*, 537 S.E.2d 138, 142 (Ga. App. 2000) on the grounds that Mr. Affeldt directly asked Avante how the Vivo 65 compared to the PB840. Again, this is of no consequence. Plaintiff does not—nor can it—alleged that Avante ever stated "the Vivo 65 can be used in in ICU setting."

Second, although Plaintiff argues that its "claim for fraud would exist without the existence of a contract," *see* Dkt. 50, p. 25, Plaintiff fails to finish that sentence in its brief. Avante agrees that a tort of fraud would exist where Avante owed a duty independent of the contract, but Plaintiff offers nothing by way of such independent duty. As such, its fraud claim fails. *See Unified Serv., Inc. v. Home Ins. Co.*, 218 Ga. App. 85 (1995).

Third, again, Plaintiff offers nothing by way of how it exercised *any* diligence, much less due diligence required to sustain a claim for fraud. *See Fowler v. Overby*, 223 Ga. App. 803, 804 (1996) ("In order to prove the element of justifiable reliance, the plaintiff must show that [she] exercised [her] duty of due diligence.") As such, Plaintiff has waived any challenge to Avante's motion for summary judgment on that ground. *See Schwarz*, 672 Fed. Appx. 981 (finding that Plaintiffs had waived any challenge to the Districts' motion for summary judgment on this ground by failing to address this claim in Plaintiffs' response to the Districts' motion for summary judgment.)

Although Plaintiff offers a brief argument that "Mr. Affeldt *did not* state that he was an expert in medical equipment," such an argument is disingenuous at best. In addition to the vast testimony given by Mr. Affeldt, Plaintiff states on its website that Mr. Affeldt "is an expert in the mobile healthcare facility market."

*Kyle Affeldt – Founder, President & CEO*

Kyle Affeldt is the Founder, President, and CEO of Mobile Healthcare Facilities LLC. He is a senior executive with a dynamic 29-years of leading both small and large multi-faceted manufacturing corporations. He is an expert in the mobile healthcare facility market. He served as the Vice President of Operations for two of Mobile Healthcare Facilities major competitors (Odulair LLC and Mobile Medical International Inc.). Serving in those roles, he has developed in-depth knowledge of this marketplace and what it takes to satisfy the customer. His view is radically different than his competitors. His primary focus is to deliver a customized product that:

- satisfies our customers' needs
- is designed and built with the highest level of product quality
- is at a price our customers can afford

*As found at* www.mhcfac.com/our-staff/ (last visited November 19, 2022). Moreover, Georgia law does not require that he be an expert in order for the requirement of due diligence to stand when establishing reasonable reliance.

**C. Any Claim Raised by Plaintiff for Negligent Misrepresentation is Futile as it Would Fail as Matter of Law.**

For the same reason Plaintiff's claim for fraud fails, its claim for negligent misrepresentation fails.

Second, Plaintiff argues that because this Court has not yet ruled on Plaintiff's Motion for Leave to Amend the Complaint, ruling on its claim for negligent misrepresentation would be premature. However, as stated it its motion in opposition to Plaintiff's Motion for Leave to Amend, such a claim is futile on the grounds laid out in its Motion for Summary Judgment. As such, this court

should either deny Plaintiff's Motion for Leave to Amend, or if the Court so grants such motion, should dismiss the claim.

**E. MHF's O.C.G.A. § 13-6-11 Claim Fails.**

As noted above, not only does there exist a patent *bona* fide controversy as to all of Plaintiff's claims, such claims cannot stand under Georgia law. Because all of Plaintiff's underlying claims are due to be dismiss, its claim under O.C.G.A. § 13-6-11 also fails.

## III. CONCLUSION

On the undisputed facts, Avante asks the Court enter judgment as a matter of law against all of MHF's claims.

Respectfully submitted this 29th day of November, 2022.

/s/ *Sarah Trevino*
Sarah E. Trevino
Georgia Bar No. 660094
Sarah Hannah Phillips
Georgia Bar No. 302869
**DENTONS US LLP**
303 Peachtree St., NE, Suite 5300
Atlanta, Ga 30308
Telephone: 404-527-4000
E-mail:
sarah.trevino@dentons.com
sarahhannah.phillips@dentons.com
Jason R. Scheiderer
(admitted *pro hac vice*)
**DENTONS US LLP**

4250 Main St., Suite 1100
Kansas City, Missouri 64111
Telephone: 816-460-2400
E-mail: jason.scheiderer@dentons.com

*Counsel for Defendant*

**CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to L.R. 5.1B and 7.1D of the Northern District of Georgia, that the foregoing **DEFENDANT AVANTE HEALTH SOLUTIONS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** complies with the font and point selections approved by this court in L.R. 5.1B. This pleading was prepared using 14-point Times New Roman Font.

/s/ *Sarah Trevino*
Sarah E. Trevino
Georgia Bar No. 660094

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **DEFENDANT AVANTE HEALTH SOLUTIONS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** was filed on November 29, 2022 via the Court's ECF electronic filing system which will notify all participating registered users as follows:

Brian S. Goldberg
Leo Kogan
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339
E-mail: bgoldberg@fmglaw.com
lkogan@fmglaw.com

Alan C. Manheim
25 Alexander Street
Suite 3
Marietta, Georgia 30060
E-mail: alan@acmlaw.net

*/s/ Sarah Trevino*
Sarah Trevino
Georgia Bar No. 660094